# TEIN MALONE
## LAWYERS

June 3, 2019

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     RE:   *U.S. v. Juan Antonio Hernandez Alvarado,*
            *No.* S2 15 Cr. 379 (PKC)
            <u>Request to Strike Prosecution's Declaration</u>

Dear Judge Castel:

Defendant Hernandez moves to strike the prosecution's declaration, apparently submitted *ex parte* to chambers on May 28, 2019. The government did not confer with us about this issue or file a motion under Fed. R. Crim. P. Rule 16(d)(1)[1] demonstrating good cause or allow us time to object before submitting it to chambers. Further, submitting the declaration to chambers *ex parte* without prior leave is the equivalent of the government's granting its own motion to seal.[2]

---

[1] Fed. R. Crim. P. 16 provides in pertinent part:

    (d) Regulating Discovery.

        (1) Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

        (2) Failure to Comply. If a party fails to comply with this rule, the court may … enter any other order that is just under the circumstances.

[2] *See* S.D.N.Y. ECF Rule 6.1 ("Documents may not be placed under seal without leave of the Court."), 6.2 (procedures for sealing).

TEIN MALONE
LAWYERS

Rule 16(d)(1) contemplates that, before submitting *ex parte* material, the government should first receive permission from the Court.³ The docket does not reflect that this was done. Accordingly, the Court should not read the government's *ex parte* declaration until the government has either (a) conferred with defense counsel or (b) sought this Court's permission by application that does not include the *ex parte* disclosure and affords the defense an opportunity to be heard. We do not object to the filing of the application under seal as long as it is not *ex parte*.

We cannot argue or even determine prejudice from the *ex parte* submission. Because briefing is still ongoing, we assume the Court has not yet read it. And if it has, we recognize the declaration may be cumulative of the several hyperbolic statements about the defendant that the government has already made in its filings, which the Court can surely set aside. Regardless, the government's *ex parte* declaration should not be allowed without prior application. Its purported evidence of "safety risks to cooperating witnesses and [their] relatives and associates" (DE 57:25) is probably irrelevant to our modest request for the government to identify the conspirators who will likely testify at trial (DE 54:3). In any event, merely requesting particulars does not open the door for *ex parte* submissions -- particularly by a prosecutor (who is not a witness ordinarily susceptible to examination) and therefore likely layered hearsay.

Respectfully submitted,

*/s/ Michael Tein.*
Michael R. Tein, Esq.
tein@teinmalone.com
T. Omar Malone, Esq.
omalone@teinmalone.com

TEIN MALONE
3059 Grand Avenue – Suite 340
Coconut Grove, Florida 33133
(305) 442-1101
*Counsel for Juan Antonio Hernandez Alvarado*

Copies via ECF

---

³ *See, e.g.*, *United States v. Ying Lin*, No. 15-cr-601, 2018 WL 3404137, *1 (E.D.N.Y. July 11, 2018) (the government's CIPA-based motion for protective order was filed *ex parte* after "leave of the Court" and "also with leave of the Court," the defendant filed an *ex parte* opposition); *United States v. Hawit*, No. 15-cr-252, 2017 WL 3016794, *1 (E.D.N.Y. July 14, 2017) (observing that the government first moved under Rule 16(d)(1) "for leave to file under seal and *ex parte*").